IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| HATTIE L. KING, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) No. 13-cv-2167-JDT-tmp |
| RANDY WADE et al., | ) |
| | ) |
| Defendants. | ) |

**REPORT AND RECOMMENDATION**

On March 15, 2013, plaintiff Hattie L. King, a resident of Memphis, Tennessee, filed a *pro se* complaint titled, "Political Corruption of an Unlawful Interference of an Abuse Process of an Veteran's Spouse as Her Sole Provider and Her Own Attorney at Law, According to T.C.A. 23-1-109, 18 USC 1001, 18 USC 1512 & 1513." (ECF No. 1.) The complaint names as defendants Randy Wade, U.S. Congressman Steve Cohen, City of Memphis Mayor A C Wharton, and Shelby County Mayor Mark Luttrell. On March 21, 2013, the District Judge entered an order granting leave to proceed *in forma pauperis*. On March 27, 2013, the District Judge entered an order of reference assigning to the undersigned Magistrate Judge the management of this case pursuant to the Federal Magistrates Act, 28 U.S.C. §§ 631-639 (2006). The case is currently still being screened pursuant to Local Rule 4.1(a) to determine whether *sua sponte* dismissal under 28 U.S.C. § 1915(e)(2) is appropriate.

However, since the filing of the complaint, King has filed various motions, notices, and documents. These include (1) "Requesting for Immediate Relief (Partial)/All Entitled Benefits and Collection of Tax Revenues According to Fourteenth and Sixteenth Amendments Rights, etc." (ECF No. 8); and "Motion for Summary Judgment Rule 56, etc. . . . Along With First and Fourteenth Amendments" (ECF No. 10). Other documents filed by King include documents styled "Requesting a Immediate Emergency (Partial) Payment with Respecting a Stay of Proceedings According to 28 U.S.C. 636(b)(1)(B)-(C) and Fed. R. Civ. P. 1" (ECF No. 9); "Immediate Release of Entitled Payment of an Prolonged, Outdrawn Delay" (ECF No. 11); and "Notice of Financial Hardship" (ECF No. 12).

In King's "Motion for Summary Judgment Rule 56," she argues that there is no genuine dispute as to any material fact and that she is entitled to judgment as a matter of law. Because the court has not yet determined whether to issue process as to any of the defendants, the motion is premature. Thus, it is recommended that the motion for summary judgment be denied.

Regarding the remaining motions, King states that she is homeless and is asking the court to order the defendants to pay her moving expenses so that she can relocate out of the state. She appears to ask for a stay, see ECF No. 9 at 2, although it is unclear what proceedings she seeks to stay. She also mentions harm

to her "small animal" caused by the Memphis animal shelter. (ECF No. 9 at 3.) In the "Immediate Release" document, see ECF No. 11, King states she is in need of immediate housing, repair to her car, car tags, and unspecified medical and dental care. In her "Notice of Financial Hardship," she asks the court to rule on her pending motions.

In <u>Mason Cnty. Med. Ass'n v. Knebel</u>, 563 F.2d 256, 261 (6th Cir. 1977), the Sixth Circuit enunciated four factors to be considered in deciding whether to issue a preliminary injunction:

> 1. whether the plaintiffs have shown a strong or substantial likelihood or probability of success on the merits;
>
> 2. whether the plaintiffs have shown irreparable injury;
>
> 3. whether the issuance of an injunction would cause substantial harm to others; and
>
> 4. whether the public interest would be served by issuing an injunction.

<u>See also</u> <u>Certified Restoration Dry Cleaning Network, L.L.C. v. Tenke Corp.</u>, 511 F.3d 535, 542 (6th Cir. 2007). These factors are not prerequisites that must be met, but must be balanced together. <u>Certified Restoration Dry Cleaning</u>, 511 F.3d at 542; <u>Ne. Ohio Coal. for Homeless & Serv. Emps. Int'l Union, Local 1199 v. Blackwell</u>, 467 F.3d 999, 1009 (6th Cir. 2006). The Sixth Circuit has recognized that the factors are to be balanced and that the degree of likelihood of success required may depend on the strength of the other factors. <u>J. Rettenmaier USA LP v. Bodner</u>, 1:08-cv-575, 2008

WL 2704862, at *7 (W.D. Mich. July 9, 2008) (citing In re DeLorean Motor Co., 755 F.2d 1223, 1229 (6th Cir. 1985)). "[T]he likelihood of success that need be shown will vary inversely with the degree of injury the plaintiff will suffer absent an injunction." Id. As the party seeking the injunctive relief, the plaintiff bears the burden of persuasion on each of these factors. American Standard, Inc. v. Meehan, 517 F. Supp. 2d 976, 982 (N.D. Ohio 2007) (citing Stenberg v. Cheker Oil Co., 573 F.2d 921, 925 (6th Cir. 1978)). Here, although the court has not yet completed its review of the complaint pursuant to § 1915(e)(2), King has not demonstrated in her motions that she has a strong likelihood of success on the merits. Nor has she shown that she will likely suffer irreparable and imminent harm or injury. Therefore, it is recommended that these motions be denied.

Respectfully submitted,

s/ Tu M. Pham
TU M. PHAM
United States Magistrate Judge

July 29, 2013
Date

**NOTICE**

**WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THIS REPORT AND RECOMMENDED DISPOSITION, A PARTY MAY SERVE AND FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS AND RECOMMENDATIONS. A PARTY MAY RESPOND TO ANOTHER PARTY'S OBJECTIONS WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY. FED. R. CIV. P. 72(b)(2). FAILURE TO FILE OBJECTIONS WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER OF OBJECTIONS, EXCEPTIONS, AND FURTHER APPEAL.**