```
                IN THE UNITED STATES DISTRICT COURT
              FOR THE WESTERN DISTRICT OF TENNESSEE
                         WESTERN DIVISION
```

| | |
|---|---|
| HATTIE L. KING, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )   No. 13-2167-JDT/tmp |
| | ) |
| RANDY WADE, STEVE COHEN, | ) |
| CITY MAYOR A C WHARTON, | ) |
| COUNTY MAYOR MARK LUTTRELL, | ) |
| et al., | ) |
| | ) |
|     Defendants. | ) |

                        REPORT AND RECOMMENDATION

On March 15, 2013, plaintiff Hattie L. King, a resident of Memphis, Tennessee, filed a *pro se* complaint titled, "Political Corruption of an Unlawful Interference of an Abuse of an Veteran's Spouse as Her Sole Provider and Her Own Attorney at Law, According to T.C.A. 23-1-109, 18 USC 1001, 18 USC 1512 & 1513." (ECF No. 1 ("Compl.").) On March 21, 2013, the District Judge entered an order granting leave to proceed *in forma pauperis*. On March 27, 2013, the District Judge entered an order of reference assigning to the undersigned Magistrate Judge the management of this case pursuant to the Federal Magistrates Act, 28 U.S.C. §§ 631-639 (2006).

**A.   28 U.S.C. § 1915(e)(2) Screening**

Pursuant to Local Rule 4.1(a), service will not issue in a *pro se* case where the *pro se* plaintiff has been granted leave to proceed *in forma pauperis* until the complaint has been screened under 28 U.S.C. § 1915(e)(2). See McGore v. Wrigglesworth, 114 F.3d 601, 608-09 (6th Cir. 1997), overruled in part by LaFountain v. Harry, 716 F.3d 944, 951 (6th Cir. 2013). The Clerk is authorized to issue summonses to *pro se* litigants only after that review is complete and an order of the court issues. The court is required to screen *in forma pauperis* complaints and to dismiss any complaint, or any portion thereof, if the action —

    (i)   is frivolous or malicious;

    (ii)  fails to state a claim on which relief may be granted; or

    (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2). This report and recommendation will constitute the court's screening.

**B.   Standard of Review for Failure to State a Claim**

In assessing whether the complaint states a claim upon which relief may be granted, the court applies the standards under Rule 12(b)(6) of the Federal Rules of Civil Procedure, as stated in Ashcroft v. Iqbal, 556 U.S. 662, 677-79 (2009) and Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57 (2007). "Accepting all well-pleaded allegations in the complaint as true, the court considers the factual allegations in [the] complaint to determine

if they plausibly suggest an entitlement to relief." Williams v. Curtin, 631 F.3d 380, 383 (6th Cir. 2011). "[P]leadings that . . . are no more than conclusions[] are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Iqbal, 556 U.S. at 679; see also Twombly, 550 U.S. at 555 n.3 ("Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief. Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests.").

Rule 8(a)(2) requires "[a] pleading that states a claim for relief" to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." A complaint violates these provisions when it "is so verbose that the Court cannot identify with clarity the claim(s) of the pleader and adjudicate such claim(s) understandingly on the merits." Harrell v. Dirs. of Bureau of Narcotics & Dangerous Drugs, 70 F.R.D. 444, 446 (E.D. Tenn. 1975); see also Flayter v. Wis. Dep't of Corr., 16 F. App'x 507, 509 (7th Cir. 2001) (dismissing 116-page complaint pursuant to Rule 8(a)(2)); Vicom, Inc. v. Harbridge Merch. Servs., Inc., 20 F.3d 771, 775-76 (7th Cir. 1994) (criticizing district court for declining to dismiss amended complaint with prejudice

-3-

pursuant to Rule 8(a) and noting that "[a] complaint that is prolix and/or confusing makes it difficult for the defendant to file a responsive pleading and makes it difficult for the trial court to conduct orderly litigation"); Plymale v. Freeman, 930 F.2d 919 (table), 1991 WL 54882, at *1 (6th Cir. Apr. 12, 1991) (finding that district court did not abuse its discretion in dismissing with prejudice "rambling" 119-page complaint containing nonsensical claims); Jennings v. Emry, 910 F.2d 1434, 1436 (7th Cir. 1990) ("A . . . complaint must be presented with intelligibility sufficient for a court or opposing party to understand whether a valid claim is presented and if so what it is. And it must be presented with clarity sufficient to avoid requiring a district court or opposing party to forever sift through its pages in search of that understanding.") (citation omitted) (internal quotation marks omitted); Michaelis v. Neb. State Bar Ass'n, 717 F.2d 437, 438–39 (8th Cir. 1983) (per curiam) (affirming dismissal of 98-page complaint where "[t]he style and prolixity of these pleadings would have made an orderly trial impossible"); Gordon v. Green, 602 F.2d 743, 744–45 (5th Cir. 1979) (concluding that a 4000-page pleading, comprised of "various complaints, amendments, amended amendments, amendments to amended amendments, and other related papers," did not comply with Rule 8(a) "as a matter of law"); Windsor v. A Federal Exec. Agency, 614 F. Supp. 1255, 1258 (M.D. Tenn. 1983) (noting that a 47-page complaint was excessive, in light of the

purpose of a pleading to state a simple claim, as well as "confusing and distracting" and ordering plaintiff to amend his complaint to comply with Rule 8), aff'd mem., 767 F.2d 923 (table), 1985 WL 13427 (6th Cir. June 27, 1985) (per curiam).

"*Pro se* complaints are to be held to less stringent standards than formal pleadings drafted by lawyers, and should therefore be liberally construed." Williams, 631 F.3d at 383 (internal quotation marks omitted). *Pro se* litigants, however, are not exempt from the requirements of the Federal Rules of Civil Procedure. Wells v. Brown, 891 F.2d 591, 594 (6th Cir. 1989); see also Brown v. Matauszak, 415 F. App'x 608, 613 (6th Cir. 2011) ("[A] court cannot create a claim which [a plaintiff] has not spelled out in his pleading") (internal quotation marks omitted); Payne v. Sec'y of Treas., 73 F. App'x 836, 837 (6th Cir. 2003) (affirming *sua sponte* dismissal of complaint pursuant to Fed. R. Civ. P. 8(a)(2) and stating, "[n]either this court nor the district court is required to create Payne's claim for her"); *cf.* Pliler v. Ford, 542 U.S. 225, 231 (2004) ("District judges have no obligation to act as counsel or paralegal to *pro se* litigants."); Young Bok Song v. Gipson, 423 F. App'x 506, 510 (6th Cir. 2011) ("[W]e decline to affirmatively require courts to ferret out the strongest cause of action on behalf of *pro se* litigants. Not only would that duty be overly burdensome, it would transform the courts from neutral arbiters of disputes into advocates for a particular party.

While courts are properly charged with protecting the rights of all who come before it, that responsibility does not encompass advising litigants as to what legal theories they should pursue.").

**C.   Subject Matter Jurisdiction**

As best the court can tell, the crux of King's complaint appears to be the denial of veteran's benefits she claims she is entitled to as a surviving spouse.  (See Compl. at 2, 4-5) (referencing veterans survivor benefits and asking, "Where is My Money?" and "I need my money now!").  However, a claim for benefits from the Secretary of Veteran Affairs ("VA") is brought through the local VA office or medical facility (http://www.bva.va.gov/docs/Pamphlets/010202A.pdf).  Appeals from adverse decisions are made through the Board of Veterans' Appeals (38 U.S.C. § 7104(a)), the Court of Appeals for Veterans Claims (38 U.S.C. § 7252), and the Court of Appeals for the Federal Circuit (38 U.S.C. §7292(a), (c)) in that order.  The district court lacks subject matter jurisdiction to review decisions of the VA regarding individual benefits, and must accordingly dismiss such a case. Pate v. Department of Veterans Affairs, 881 F. Supp. 553, 556 (M.D. Ala. 1995).  A case which presents constitutional challenges to VA regulations, however, may be heard in district court in some circumstances.  Id. at 555.  Here, however, King has not alleged that any regulations of the VA violate her constitutional rights, and therefore her claim for veterans benefits should be dismissed

for lack of subject matter jurisdiction.

Additionally, "a district court may, at any time, *sua sponte* dismiss a complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure when the allegations of a complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." Apple v. Glenn, 183 F.3d 477, 479 (6th Cir. 1999) (citing Hagans v. Lavine, 415 U.S. 528, 536–37 (1974)). King's allegations that defendants Steve Cohen and Randy Wade stole military records belonging to King and her spouse and that defendants A.C. Wharton and Mark Luttrell stole King's "entitled monies, benefits, taxes, salary, wages . . ." etc., (Compl. at 4) meet this standard for dismissal.

**D.  Failure to State a Claim**

A review of the remainder of King's complaint reveals that she has failed to meet the pleading standard required by Rule 8(a)(2). King's complaint is devoid of factual matter that would allow the court to draw a reasonable inference that defendants are liable for any alleged misconduct. The complaint does not contain sufficient factual material that, if accepted as true, states "a claim to relief that is plausible on its face." Iqbal, 556 U.S. at 678.

To state a claim under 42 U.S.C. § 1983,[1] a plaintiff must

---

[1]Section 1983 provides: Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be

allege two elements: (1) a deprivation of rights secured by the "Constitution and laws" of the United States (2) committed by a defendant acting under color of state law. Adickes v. S.H. Kress & Co., 398 U.S. 144, 150 (1970). King apparently claims that an "Officer G. Finnie" and "Supervisor Carter" used excessive force to inflict "bodily harm" on King. (ECF No. 7 at 10.) However, Finnie and Carter are not named as defendants in the complaint. Furthermore, "a local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents. Instead, it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983." Monell v. Dep't of Social Services of City of New York, 436 U.S. 658, 694 (1978); see also Davenport v. Simmons, 192 F. Supp. 2d 812, 824 (W.D. Tenn. 2001). Pursuant to Monell, a custom "must be so permanent and well settled as to constitute a custom or usage with the force of law." A plaintiff must "identify the policy, connect the policy to the city itself, and show that the particular injury

---

subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress. For the purposes of this section, any Act of Congress applicable exclusively to the District of Columbia shall be considered to be a statute of the District of Columbia.

was incurred because of the execution of that policy." Searcy v. City of Dayton, 38 F.3d 282, 287 (6th Cir. 1994). In other words, the plaintiff must establish "a close causal connection between the policy and the injury suffered." See Johnson v. Hardin Co., 908 F.2d 1280, 1285 (6th Cir. 1990) (citation omitted). Here, King fails to state any § 1983 claim as to any government entities among the remaining defendants because her complaint does not allege any custom or policy by the city or county.[2] Nor has she alleged that any such custom or policy was the "moving force" behind her injury. Bryan Cnty. Bd. of Comm'rs v. Brown, 520 U.S. 397, 404 (1997).

29 U.S.C. § 2615 makes it "unlawful for any employer to interfere with, restrain, or deny the exercise of or the attempt to exercise" medical leave rights provided by that subchapter. 29 U.S.C. § 2612 entitles eligible employees to 12 workweeks of leave for several reasons. 29 U.S.C. § 2617 provides a cause of action to individuals injured by a violation of § 2615. King does not allege that she was employed by the defendants nor does she allege any facts showing how they "interfer[ed]" with her rights to personal medical leave. (ECF No. 6 at 6-7.)

**E.  Supplemental Jurisdiction**

Finally, the court has determined that every federal claim

---

[2]The § 1983 claims against the mayors for the city and county in their official capacities are claims against the municipalities. See Barber v. City of Salem, Ohio, 953 F.2d 232, 237 (6th Cir. 1992).

asserted by King should be dismissed for failure to state a claim and/or lack of federal subject matter jurisdiction. Without a basis for federal jurisdiction, the court should not exercise supplemental jurisdiction over any state-law claims brought by King.³ See 28 U.S.C. § 1367(c)(3) ("The district court may decline to exercise supplemental jurisdiction over a claim under subsection (a) if . . . the district court has dismissed all claims over which it has original jurisdiction."). Accordingly, it is recommended that any remaining state-law claims be dismissed pursuant to 28 U.S.C. § 1367(c)(3).

**E. Conclusion**

It is recommended that the complaint be dismissed *sua sponte* for lack of subject-matter jurisdiction, pursuant to Rules 12(b)(1) and (h)(3) of the Federal Rules of Civil Procedure, and/or that the purported federal claims be dismissed for failure to state a claim pursuant to Rule 12(b)(6) and 28 U.S.C. § 1915(e)(2) as to all the defendants, and that the court decline jurisdiction over the remaining state law claims based on 28 U.S.C. § 1367(c)(3), and judgment be entered for all the defendants.

---

³This court lacks diversity jurisdiction, as it is clear from the *in forma pauperis* application and the complaint that King and at least one of the defendants are citizens of Tennessee. Thus, complete diversity of citizenship does not exist. Owen Equip. & Erection Co. v. Kroger, 437 U.S. 365, 373 (1978); Ford Motor Co. v. Insurance Co. of N. Am., 669 F.2d 421, 426 (6th Cir. 1982).

Respectfully submitted,

s/ Tu M. Pham
TU M. PHAM
United States Magistrate Judge

November 12, 2013
Date

**NOTICE**

**WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THIS REPORT AND RECOMMENDED DISPOSITION, A PARTY MAY SERVE AND FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS AND RECOMMENDATIONS. A PARTY MAY RESPOND TO ANOTHER PARTY'S OBJECTIONS WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY.  FED. R. CIV. P. 72(b)(2).  FAILURE TO FILE OBJECTIONS WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER OF OBJECTIONS, EXCEPTIONS, AND FURTHER APPEAL.**